IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS J. REYNOLDS                                                                                    PLAINTIFF

vs.                                          Civil No. 4:14-cv-04047

CAROLYN W. COLVIN                                                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Curtis Reynolds ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on December 16, 2010. (Tr. 11, 169). Plaintiff alleged he was disabled due to right hip osteoarthritis, hypertension, degenerative disc disease, spondylosis of the lumbar spine, left hip degenerative arthritis, and hip replacement. (Tr. 181). Plaintiff alleged an onset date of October 2, 2008 which was later amended to July 15, 2010. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 11). Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 70).

Plaintiff's administrative hearing was held on April 18, 2012. (Tr. 33-59). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lakedra Parker testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a high school education along with one year of college. (Tr. 36, 39).

On February 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2010. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairment of degenerative disc disease, osteoarthritis of the hips, status-post total left hip arthroplasty, degenerative joint disease, obesity, obstructive sleep apnea, and hypertension. (Tr. 14, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC sedentary work; can occasionally climb, balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to hazards, such as unprotected heights and dangerous moving

machinery. (Tr. 16).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 25, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 56-58). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a routing clerk with 1,000 such jobs locally and 125,000 such jobs in the nation, repair service clerk with 800 such jobs locally and 135,000 such jobs in the nation, and billing clerk with 1,800 such jobs locally and 200,000 such jobs in the nation. (Tr. 26). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 15, 2010 through the date of his decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On March 26, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 27, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pg. 11-19. Specifically, Plaintiff claims the ALJ erred: (1) in failing to find Plaintiff met a Listing, (2) in failing to give proper treatment to the opinions of Plaintiff's treating physicians, and (3) in failing to submit a proper hypothetical to the VE. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

5

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

As previously stated, Plaintiff alleged disability based on among other conditions including right hip osteoarthritis, degenerative disc disease, spondylosis of the lumbar spine, left hip degenerative arthritis, and hip replacement. (Tr. 181). Plaintiff's surgeries included hip replacements; right knee surgery; back surgery; and a recommendation for a fusion. Plaintiff argues the ALJ improperly disregarded the opinions of four treating physicians who all indicated Plaintiff was capable of less than sedentary work.

Drs. Daniel Young, Nancy Griffin, Mary Eve Baskerville and Andrew Park were treating physicians of Plaintiff. Between July 2011 and March 2012, each of these four physicians prepared an RFC evaluation report on behalf of Plaintiff. (Tr. 1609-1611, 1639-1642, 1711-1714, 1723-1726). In each of these assessments, the treating physicians found Plaintiff with a less than sedentary RFC and placed several additional limitations on Plaintiff than those stated in the ALJ's RFC determination. *Id.* The ALJ in his opinion decided to give the opinions of these treating physicians "little weight" and instead gave "greater weight" to two state agency medical consultants, neither of whom even examined Plaintiff. (Tr. 23-24, 1481-1488, 1601).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-952. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting the findings of Plaintiff's treating physicians. *See Brown,* 611 F.3d at 951-

952. The ALJ has completely failed to discuss and analyze the opinions of these doctors other than to say they are inconsistent with the medical record.[2]

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of these opinions.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **30th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]Interestingly enough is the fact that one of the reasons the ALJ discounted the opinions of the four treating physicians was because the doctors did not provide a Texas doctors license number or the area of their speciality in their opinions. (Tr. 22-23). Even assuming this was somehow a reason to discount a medical opinion, it appears that neither of the state agency physicians relied on by the ALJ provided a license number or area of speciality.